In the Matter of the Estate of KATE B. NAPIER, Deceased.

Surrogate's Court, Queens County, October 20, 1937.

*Street & Adikes*, for Annie F. Napier and others, as executors, etc., petitioners.

*John P. Philbin*, for the respondent Manuel E. Amador.

*George E. Cogswell*, for the respondent Grace Church.

HETHERINGTON, S. Decedent died on September 17, 1936, leaving a last will and testament, executed on December 22, 1934,

which was admitted to probate on October 9, 1936. In paragraph 9 she provided as follows:

" 9. I hereby give and bequeath unto my friend, Manuel E. Amador, of 68 Wilson Place, Freeport, Long Island, New York, the sum of Five Thousand ($5,000.) Dollars. In case he should predecease me, I give and bequeath the same to his lawful issue him surviving. In addition to the above bequest, I hereby direct my executors hereinafter named, to cancel and discharge, without consideration of any kind whatsoever, any and all mortgages that I may hold on the real estate owned by the said Manuel E. Amador, or his wife, at 68 Wilson Place, Freeport, Long Island, New York, and likewise cancel and discharge, without any consideration whatsoever, any indebtedness evidenced by promissory notes or otherwise that the said Manuel E. Amador may owe me at the time of my death."

It appears that, for a period commencing prior to December 1, 1929, and up to about April 1, 1936, the legatee Amador acted as the agent of the testatrix in the collection of interest on twenty bonds and mortgages owned by her totaling in principal amount $60,000. Prior to her death, he collected interest amounting to $1,948.50, which was never paid over to her. It also appears that decedent held, at the time of her death, a bond and mortgage for $2,000, made by said Amador and his wife on October 18, 1935, covering property located at Monticello, N. Y. It was conceded that the mortgage referred to in paragraph 9 of the will was satisfied of record on August 8, 1934. Amador now claims he is entitled to retain the interest collected and not paid over, and to a satisfaction of the mortgage on the Monticello property. He bases his claim upon the final direction in the quoted paragraph that the executors shall " likewise cancel and discharge, without any consideration whatsoever, any indebtedness evidenced by promissory notes or otherwise that the said Manuel E. Amador may owe me at the time of my death." This language, when considered with that previously employed by the testatrix in the same paragraph, precludes me from determining that she intended to relieve the legatee from payment of the Monticello mortgage. In making mention of a particular mortgage, she not only negatives any intention to include another, but also reflects a clear intention not to place a mortgage obligation in the category of " any indebtedness." She makes a distinction between mortgages and other forms of indebtedness, and also discriminates between her debtors. If she intended to release the legatee from any obligation, she would have employed more general language, instead of the restrictive words used. Furthermore, the specific reference to a particular mortgage, when

considered together with the language later employed and the relations between the testatrix and legatee, lead me to the view that the only indebtedness she intended to relieve him from the payment of was that recorded in her books as loans. It appears that from time to time she advanced to Amador sums of money aggregating $2,650, without taking any promissory notes. Entries made by her describe these sums as loans. These items alone fall in the category of " indebtedness otherwise " owing by the legatee to the testatrix. She never intended that moneys due her from others, even though in the possession of the legatee, should be regarded as indebtedness owing by him. The interest collections made by him were received in a fiduciary capacity and for which he was bound to account to his principal. It is unreasonable to assume that had the legatee collected the principal of one of the mortgages shortly before her death, the testatrix intended to relieve him from the obligation to pay the sum collected over to her. The same is true of the interest collected. Knowledge on her part of the receipt of the interest collections or delay by him in paying over furnish no evidence of an intent to make a gift. The only indebtedness that the paragraph in question operates to relieve the legatee from the payment of is the personal loans advanced by the testatrix from funds in her possession amounting, as agreed, to $2,650.

With respect to the provisions of paragraph 29, the surrogate determines that the executors have the power to rent and sell the realty of which the testatrix died seized. Submit decree on notice, construing the will accordingly.